IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DORIAN LAMONT BELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-768-DRH** |
| ) | |
| **ST. CLAIR COUNTY JAIL,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, a detainee in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is subject to summary dismissal for failure to state a claim.

## FACTUAL ALLEGATIONS

On September 18, 2005, Plaintiff, a detainee in the St. Clair County Jail, slipped and fell on his way to the shower, injuring his left knee. He alleges that his knee cap "popped" and moved from the front to the back of his knee. Medical personnel at the jail took x-rays of his knee, which were negative, and provided him with Vicodin (a pain reliever). However, at the time of filing the complaint, Plaintiff continued to experience loss of feeling and movement, swelling, and discoloration in his left foot and knee. Plaintiff saw several nurses about his knee and each of them told him that his x-rays were negative and there was nothing he could do except give him pain medication and encourage him to stay off of the leg. On September 28, 2005, Plaintiff saw a "nerve doctor" who told him he could not treat Plaintiff because that is not what the county pays him for. On October 4, 2005, Plaintiff saw the jail physician again, who made a referral to an outside hospital, speculating that Plaintiff might have a torn ligament and suffered nerve damage. At the time of filing the complaint (October 24, 2005), Plaintiff had not yet been seen by the outside physician.

## LEGAL STANDARDS

Pretrial detainees have a right under the Fourteenth Amendment to adequate medical care. See *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764 (7th Cir. 2002). The Seventh Circuit evaluates pretrial detainees claims of inadequate medical care under the Eighth Amendment deliberate indifference standard, which requires a showing of an objectively serious medical need and deliberate indifference thereto by a jail official. *Id.* at 764-65. "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even

a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).  Deliberate indifference "is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Jackson*, 300 F.3d 760 at 765, quoting *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

> Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041.  Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510.  Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson*, 300 F.3d at 764-65.

Here, Plaintiff was given x-rays, which were negative; pain medication; was diagnosed by a nerve specialist; and was to be referred to an outside hospital for further evaluation, although he had not yet been at the time he filed the complaint.  Even assuming that Plaintiff's knee injury constitutes a serious medical need, taken together, his allegations do not describe deliberate indifference.  It is clear that Plaintiff would have preferred a sooner appointment and subsequent treatment with the outside physician.  But he has not alleged any additional harm resulting from the delay, nor has he shown that the delay was anything more than negligence, which is not sufficient to show deliberate indifference, *see Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("[m]ere negligence or even gross negligence does not constitute deliberate indifference"), particularly when Plaintiff was given medication to control the pain in the interim.  Based on the legal standards described above, Plaintiff has failed to state a claim of deliberate indifference on these facts.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: October 4, 2006**

/s/    David   RHerndon
**DISTRICT JUDGE**